UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Hazel Elizabeth Scott, ) | C/A: 2:17-368-RMG-BM |
| ) | |
| Plaintiff, ) | |
| ) | REPORT AND RECOMMENDATION |
| ) | |
| vs. ) | |
| ) | |
| State of South Carolina, State Department of ) | |
| Health and Environmental Control, *and All* ) | |
| *Persons Acting on Its Behalf*, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

Plaintiff, Hazel Elizabeth Scott, proceeding pro se and in forma pauperis, filed a motion for an emergency temporary restraining order (TRO) and preliminary injunction on February 7, 2017. Her motion concerns a piece of land in Ravenel, South Carolina which Plaintiff alleges has been contaminated by the discharge of hazardous chemicals from underground storage tanks on an adjacent parcel of land.

Rule 65(b), Fed.R.Civ.P., which relates to issuance of a TRO, provides that the Court may issue a TRO without written or oral notice to the adverse party if (a) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition; and (b) the movant's attorney (or, here, the pro se movant) certifies in writing any efforts made to give notice and the reasons why it should not be required. Plaintiff has not provided such certification. Even assuming notice had been



provided, however, after a review of Plaintiff's filings with the Court, the undersigned finds that she would still not be entitled to relief, as she has failed to meet the requirements for the issuance of an order for injunctive relief under either Rule 65(a) or Rule 65(b).

With respect to any claim for injunctive relief, such relief is an extraordinary remedy which will not be granted unless there is a clear showing of entitlement to relief. The Real Truth About Obama, Inc. v. Federal Election Commission, 575 F.3d 342, 346-347 (4th Cir. 2009), judgment vacated on other grounds, 559 U.S. 1089 (2010); see Winter v. Natural Resources Defense Counsel, Inc., 555 U.S. 7, 19-20 (2008); Stuhlbarg Int'l Sales Co., Inc., v. John D. Brush & Co., Inc., 240 F.3d 832, 839 n. 7 (9th Cir. 2001)). In order to obtain such relief, a Plaintiff must establish: 1) the likelihood that the Plaintiff will succeed on the merits; 2) the likelihood of irreparable harm to the Plaintiff if the injunction is not granted; 3) that the balance of equities tips in her favor; and 4) the injunction is in the public interest. Winter, 555 U.S. at 20. All four requirements must be satisfied. The Real Truth About Obama, Inc., 575 F.3d at 346. Further, to obtain relief Plaintiff must demonstrate more than the "possibility" of irreparable harm, because the Supreme Court has held that standard is "inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the Plaintiff is entitled to such relief." The Real Truth About Obama, Inc., 575 F.3d at 346 (citing Winter, 555 U.S. at 19-22).

Here, Plaintiff has failed to show entitlement to a TRO. She has merely articulated her subjective, speculative belief that she is in danger from Defendants' actions or inactions and that she is "very afraid of [her] safety and as a whistleblower." ECF No. 1 at 4. Analysis of the four



factors also reveals that, to the extent that Plaintiff's motion is one for a preliminary injunction, it also fails.

First, Plaintiff has not made a clear showing that she is likely to succeed on the merits or that she will suffer irreparable harm if the injunction is not granted, as it is unclear from her motion what actions or inactions the Defendants have taken or not taken that have caused her harm. It is not even clear exactly what action(s) she is requesting that this Court take. Although Plaintiff generally appears to allege that employees of DHEC or the State of South Carolina either went onto land owned by her or sent persons to perform certain tests, the precise wrongdoing of which she complains cannot be discerned from her filing. Plaintiff also requests a review of a recent DHEC determination, but has not provided a copy of the determination in question. Finally, she appears to allege harm from land use or building permits granted by unknown City and County of Charleston employees who are not named as Defendants in her filing, and who do not appear to be State of South Carolina or DHEC employees.

It is well settled that federal courts performing their duties of construing pro se pleadings are not required to be "mind readers" or "advocates" for pro se litigants. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Here Plaintiff's motion contains what can be characterized by what some courts have described as "buzzwords" or "legalistic gibberish"; see, e.g., Rochester v. McKie, No. 8:11–797, 2011 WL 2671228, at *1 (D.S.C. July 8, 2011) (citing Yocum v. Summers, No. 91–3648, 1991 WL 171389, at *1 (N.D.Ill. Aug. 30, 1991)); and her allegations are so generally incomprehensible and filled with what could only be considered by a reasonable person as unconnected, conclusory, and

3



unsupported comments that it is unclear what is to be made of them. See Hagans v. Lavine, 415 U.S. 528, 536-537 (1974) [Noting that federal courts lack power to entertain claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit"]; see also Livingston v. Adirondack Beverage Co., 141 F.3d 434 (2nd Cir. 1998); Adams v. Rice, 40 F.3d 72 (4th Cir. 1994)[Affirming dismissal of plaintiff's suit as frivolous where allegations were conclusory and nonsensical on their face].

Additionally, is should be noted that Plaintiff appears to be attempting to assert claims on behalf of members of her extended family members and/or owners of the land that is allegedly contaminated.[1] However, Plaintiff (who is not represented by counsel) may not assert claims on behalf of others, nor may she seek redress for injuries allegedly done to others. See Laird v. Tatum, 408 U.S. 1, 14 n.7 (1972); see also Valley Forge Christian Coll. v. Americans United for Separation of Church & State, 454 U.S. 464, 482 (1982); Flast v. Cohen, 392 U.S. 83, 99 (1968)[a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, such that the merits of the case are irrelevant]; Lake Carriers Ass'n v. MacMullan, 406 U.S. 498, 506 (1972).

Plaintiff also refers in her filing to the "crime" of a gasoline spill. However, to the extent Plaintiff is requesting criminal prosecution of the Defendants, it is well settled that an individual such as the Plaintiff here has no constitutional right to, or in fact any judicially cognizable interest in, the criminal prosecution or non-prosecution of another person. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)[A private citizen does not have a judicially cognizable interest in the

---

[1] Records from Charleston County list the owner of the property in which Plaintiff asserts ownership (4236 Davison Road, tax map number 244-0-00-047) as Gwendolyn Waring et al. See SCIWAY, South Carolina Tax Assessors - Charleston County, http://sc-charleston-county.governmax.com/svc/ (last visited Feb. 9, 2017).



prosecution or nonprosecution of another person]; Diamond v. Charles, 476 U.S. 54, 64–65 (1986) [applying Linda R.S. v. Richard D. and collecting cases]; Collins v. Palczewski, 841 F.Supp. 333, 340 (D.Nev.1993) ["Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'"].

As for the requirement that Plaintiff make a clear showing that she is likely to be irreparably harmed if preliminary relief is denied, she merely makes conclusory statements that her health and/or life will be in danger if the TRO or preliminary injunction does not issue. See Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 812 (4th Cir. 1991) [holding that a court will not grant a preliminary injunction unless the petitioner first makes a "clear showing" that he will suffer irreparable injury without it, and that the harm "must be neither remote nor speculative, but actual and imminent"]. Additionally, Plaintiff admits she received information that monitoring wells were installed on her property and that sampling showed in April 2009 that the results were below detection levels, and that the wells were not located or were inaccessible during sampling in 2010 and 2011.   ECF No. 1 at 9. She also notes that DHEC reported it had, since 2009, directed "aggressive fluid and vapor recovery and chemical injection in the source are of the release to reduce concentrations of petroleum chemicals of concern." Id. at 12.  It must also be noted that Plaintiff filed a lawsuit in January 2016 which appears to concern the same issues raised here, she voluntarily dismissed the action in March 2016, and she did not file this motion for a TRO until nearly a year



later. See Scott v. Sams, No. 2:16-113-RMG (D.S.C.).[2]  Hence, Plaintiff's own filing defeats any claim of irreparable harm if the injunction is not issued.

Finally, Plaintiff has also not shown that the balance of equities tips in her favor, or that an injunction is in the public interest.  See  Nicholas v. Ozmint, No. 05-3472, 2006 WL 2711852, * 5 (D.S.C. Sept. 20, 2006); see also Winter, 555 U.S. at 20 ["In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction"].

### **Recommendation**

Based on the foregoing, it is recommended that the Plaintiff's motion for an emergency temporary restraining order and preliminary injunction (ECF No. 1) be denied.[3]

---

[2] Plaintiff also complains about an alleged trespass by State of South Carolina officials in approximately 2008 (which appears to relate to sampling and/or installation of monitoring wells), which she allegedly did not learn about until 2009.  However, such claims may be barred by the applicable statute of limitations. Subsection 15–3–530(3) of the South Carolina Code provides for a three-year statute of limitations for "an action for trespass upon or damage to real property." According to the discovery rule, "the three-year statute of limitations 'begins to run when the underlying cause of action reasonably ought to have been discovered.' " Holly Woods Ass'n of Residence Owners v. Hiller, 708 S.E.2d 787, 793 (S.C. Ct.App. 2011)(quoting Martin v. Companion Healthcare Corp., 593 S.E.2d 624, 627 (S.C.Ct.App. 2004)). "The statute runs from the date the injured party either knows or should have known by the exercise of reasonable diligence that a cause of action arises from the wrongful conduct." Dean v. Ruscon Corp., 468 S.E.2d 645, 647 (S.C. 1996).  "[T]he fact that the injured party may not comprehend the full extent of the damage is immaterial." Id. at 647.  "The date on which discovery should have been made is an objective, not subjective, question." Kreutner v. David, 465 S.E.2d 88, 90 (S.C. 1995).

[3] In a separate order, Plaintiff has been directed to file a completed complaint form and to provide the other documents necessary to bring her case into proper form, assuming she is seeking to file a civil complaint.



Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

February 13, 2017
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

